# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | Edward A. Bobrick |
|---|---|---|---|
| CASE NUMBER | 99 C 0988 | DATE | 3/29/2000 |
| CASE TITLE | FOWLER vs. FREIGHTLINER CORP. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Report and Recommendation regarding plaintiffs' motion to vacate voluntary dismissal pursuant to Fed. R. Civ. P. 60(b) is hereby submitted to Judge Conlon. This Court recommends that the plaintiffs motion to vacate voluntary dismissal pursuant to Fed. R. Civ. P. 60(b) be denied. Copies sent to: Billy Jerome Anderson, 10031 S. 86th Terrace, #311, Palos Hills, IL 60465; Michael Fowler, 105 Marshall, Bellwood, IL 60104; Jesse Fowler, 4826 N. Central Park, #3, Chicago, IL 60647 and Clifford Frazier, 1110 W. 50th, Apt. 2, Chicago, IL 60609. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.

*Edward A. Bobrick*

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 6 +1F | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | 3-30-00 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 30 |
| | Mail AO 450 form. | | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | | |
| | | | 3/29/2000 | |
| | | | date mailed notice | |
| TH | courtroom deputy's initials | | TH | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# REPORT AND RECOMMENDATION

Before the court is the motion of plaintiffs to vacate voluntary dismissal pursuant to Fed.R.Civ.P. 60(b).

The four plaintiffs in this matter filed claims of sexual harassment and racial discrimination against defendant company and their supervisor on February 16, 1999. By June 15, 1999, in the wake of settlement discussions, each plaintiff signed an affidavit admitting that the claims were fabricated and apologizing for having brought them. Each plaintiff also signed a settlement agreement with the defendant company in which they agree to dismiss their complaint with prejudice, but it was contingent on the execution of mutual releases among the plaintiffs and the individual at whom they directed their allegations. As of July 2, 1999, however, plaintiffs had neither executed the releases nor withdrawn their complaint, and the defendants brought a motion to enforce the settlement agreement. Judge Conlon essentially granted defendants' motion on July 8, 1999, when she dismissed plaintiffs' complaint with prejudice, based on their affidavits in which they admitted their claims were baseless.

Plaintiffs now seek to vacate "voluntary" dismissal pursuant to Rule 60(b). As the forgoing history aptly demonstrates, however, there has been no "voluntary" dismissal: Judge Conlon dismissed plaintiffs' claims with prejudice. The fact that plaintiffs *failed* to move to voluntarily dismiss their complaint is what precipitated defendants' motion and the judge's order. Accordingly, plaintiffs' motion is woefully misdirected, and must be denied.