# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | Edward A. Bobrick |
|---|---|---|---|
| **CASE NUMBER** | 99 C 0988 | **DATE** | 3/29/2000 |
| **CASE TITLE** | FOWLER vs. FREIGHTLINER CORP. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Report and Recommendation regarding defendant's motion for attorneys' fees is hereby submitted to Judge Conlon. This Court recommends that defendant's motion for attorneys fees be granted in the amount of $4,563.00. All matters relating to the referral of this action having been resolved, the case is returned to the assigned judge. Copies sent to: Billy Jerome Anderson,10031 S. 86th Terrace, #311,Palos Hills, IL 60465; Michael Fowler, 105 Marshall, Bellwood, IL 60104; Jesse Fowler, 4826 N. Central Park, #3, Chicago, IL 60647 and Clifford Frazier, 1110 W. 50th, Apt. 2, Chicago, IL 60609. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.

*Edward A. Bobrick*

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 6 + 1F | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | 3-30-00 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | *BW* | 31 |
| | Mail AO 450 form. | | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | | |
| TH | courtroom deputy's initials | | 3/29/00 date mailed notice | |
| | | Date/time received in central Clerk's Office | TH mailing deputy initials | |

# REPORT AND RECOMMENDATION

Before the court is DEFENDANT'S MOTION FOR ATTORNEYS' FEES incurred in bringing its MOTION TO ENFORCE SETTLEMENT AGREEMENTS. This same matter was initially referred to the undersigned on August 16, 1999 for a Report and Recommendation. On 10/4/99 we issued our Report recommending that defendant's motion for attorneys fees be denied. The district court, however, rejected our Report and Recommendation ruling that defendant was, indeed, entitled to fees. The court then again referred the fee petition for a Report and Recommendation as to a reasonable fee award.

We have reviewed the initial fee petition, together with defendant's supplements, to assess the reasonableness of the request in terms of the circumstances of the particular case and the amount sought. Wright, Miller & Kane, Federal Practice and Procedure Civil 3rd §2675.1 The defendant's initial fee petition, and supplements, are well documented with the affidavits of two lawyers, together with detailed time records and supporting data, indicating the nature of the particular work done. Upon close review of these materials, we find the fee request relates to work done in connection with the MOTION TO ENFORCE, and that such work was necessary and reasonable. Lastly, the fee petition establishes a reasonable hourly rate.

We include in this recommended fee award that time spent by defendant's attorneys in connection with the 9/2/96 hearing on defendant's motion, at which plaintiffs failed to attend, causing the rescheduling of the hearing and unnecessary expense to defendant. (Defendant's Supplement to its Request for Fees). Additionally, we include in the recommended fee award, those fees incurred by defendant resulting from the 9/27/97 hearing into the claims made by plaintiffs that the failure to dismiss was not their fault but that of their attorneys; a proposition which ultimately proved untrue. (Defendant's Second Supplement to it Request for Attorneys' Fees).

We find awarding fees on defendant's supplement and second supplement reasonable since these fees were unnecessarily caused by plaintiffs' own conduct, and not by defendant in the presentation of its fee petition, and that these requested fees were necessary and reasonably expended in connection with this matter. *Spegon v. Catholic Bishop of Chicago*, 175 F.3rd. 544, 554 (7th cir. 1999). No fees have been requested by defendant for preparation of their fee petition or supplements.

For the foregoing reasons, this court recommends that DEFENDANT'S MOTION FOR ATTORNEYS' FEES (compromised of its initial motion for fees in the amount of $2,797.50, its supplement for fees in the amount of $858.00, and its second supplement for fees in the amount of $1,765.50) be granted in the amount of $4,563.00,[1] and that plaintiffs, jointly and individually, be ordered to pay same to defendant.

---

[1]  Our reference to a fee award of $1,500 in our first Report and Recommendation, dated Oct. 4, 1999, was a suggested compromise figure for the parties benefit, and did not represent a decision by this court as to what a reasonable fee award was to be in the case.